Ross *vs.* The State.

---

## Ross *vs.* The State of Georgia.

Where, during the term at which a criminal case was tried, a consent order was passed allowing defendant's counsel a definite time to perfect his motion for a new trial, and when the case was called at the next succeeding term the grounds had not been approved, a dismissal of the motion was proper.

Practice in the Superior Court. New trial. Before Judge Simmons. Bibb Superior Court. March Term, 1879.

To the report in the decision it is only necessary to add that the order was taken October 19th, 1878, allowing defendant's attorneys until December 1st to present the motion for approval. It was dismissed at the March term, 1879, being still unapproved.

BACON & RUTHERFORD, for plaintiff in error.

C. L. BARTLETT, solicitor-general, for the state.

JACKSON, Justice.

This case was tried before Judge Grice, who passed an order by consent allowing time to the movant to perfect his motion for a new trial by having the grounds thereof approved. The movant failed so to perfect his motion. At the next term the motion came on to be heard before Judge Simmons, who dismissed it because it had not been perfected pursuant to terms; and this judgment refusing to entertain, but dismissing the motion for a new trial, is the error assigned.

We see no error therein. The consent order was taken for the benefit of the movant and with his assent. If it had been made against his will, his only remedy would have been to file his interlocutory bill of exceptions, which he did not do; but as it was done with his consent he could not have done even that. He is now too late to object to that judgment, even if it had been illegal.

Inasmuch then as he failed to comply with an order of the court passed at his instance and for his benefit and convenience, we think that the court did not err in refusing to consider the motion and in dismissing it because not perfected pursuant to the order.

Judgment affirmed.